Michelle **REGENSCHEID**,
claimant, Respondent,

v.

**FARM BUREAU MUTUAL INSURANCE COMPANY,**
Appellant.

No. CX–01–862.

Court of Appeals of Minnesota.

Dec. 4, 2001.

Timothy K. Dillon, Dillon Law Office, Cannon Falls, for respondent.

Thomas H. Schaefer, Erstad & Riemer, P.A., Minneapolis, for appellant.

Considered and decided by ANDERSON, Presiding Judge, PETERSON, Judge, and FORSBERG, Judge.*

## OPINION

PETERSON, Judge.

In this appeal from a judgment confirming a no-fault arbitration award that exceeded the $10,000 jurisdictional limit, appellant Farm Bureau Mutual Insurance Company argues that the district court erred when it determined that Farm Bureau's refusal to allow respondent Michelle Regenscheid to withdraw her petition for arbitration constituted a waiver of the jurisdictional limit. Because Farm Bureau failed to object in writing to arbitrating a claim that exceeded the jurisdictional limit, Farm Bureau waived its right to object to consideration of the claim in excess of the jurisdictional limit. Therefore, we affirm.

## FACTS

Regenscheid injured her knee while getting out of her truck. Initially, she received no-fault benefits, but after an investigation by Farm Bureau revealed that Regenscheid's injury did not arise out of the maintenance or use of her truck, Farm Bureau denied further benefits. Regenscheid filed a petition for arbitration in which she sought $9,999 in wage-loss and replacement-services benefits.

The arbitration hearing was scheduled for May 16, 2000. On May 11, 2000, Regenscheid's attorney sent a fax to the American Arbitration Association (AAA) asking to withdraw the arbitration petition because Blue Cross Blue Shield (BCBS) had asserted a subrogation claim for amounts that it paid for surgery on Regenscheid's knee, and with this claim, the total claim was for more than $10,000.

Farm Bureau objected to the request to withdraw because the no-fault arbitration rules permit withdrawal up to ten days before the arbitration hearing, and this request was made five days before the hearing. Farm Bureau also argued that because all of the medical expenses being sought were incurred before Regenscheid filed her arbitration petition, Regenscheid voluntarily waived any claim in excess of the jurisdictional limit when she chose arbitration. Regenscheid's attorney responded that he deemed Farm Bureau's refusal to allow withdrawal a waiver of the jurisdictional limit. Farm Bureau responded in a letter to the AAA that its "refusal to allow withdrawal of the Arbitration Petition in no way should be construed as a waiver by Farm Bureau of the jurisdictional limit imposed by the Arbitration rules."

The arbitration hearing proceeded. Regenscheid submitted a $20,514.12 bill for medical expenses for knee surgery and treatment that were paid by BCBS. The arbitrator ruled in favor of Regenscheid and awarded her $24,834.12. The arbitrator made no findings regarding the jurisdictional limit. Farm Bureau brought a motion in district court to partially vacate the arbitration award on the ground that the arbitrator improperly determined that he had jurisdiction to make an award for claims incurred before the petition was filed that exceeded the $10,000 jurisdictional limit. The district court denied the motion and confirmed the arbitration award. The court concluded that Farm

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

Bureau's refusal to permit Regenscheid to withdraw her petition constituted a waiver of any claim that the arbitrator lacked jurisdiction.

## ISSUE

Did Farm Bureau waive the no-fault arbitration jurisdictional limit?

## ANALYSIS

■■■ "[I]n the area of automobile reparation, arbitrators are limited to deciding issues of fact, leaving the interpretation of the law to the courts." *Johnson v. Am. Family Mut. Ins. Co.*, 426 N.W.2d 419, 421 (Minn.1988).

Only where the arbitrators have clearly exceeded their powers must a court vacate an award. Every reasonable presumption is exercised in favor of the finality and validity of the award.

*National Indem. Co. v. Farm Bureau Mut. Ins. Co.*, 348 N.W.2d 748, 750 (Minn. 1984) (citations omitted). As the party seeking to vacate the arbitrator's award, Farm Bureau had the burden of proving that the award is invalid. *Id.*

Farm Bureau contends that the arbitration award must be vacated because Regenscheid's claim exceeded the $10,000 jurisdictional limit at the commencement of the arbitration, and therefore the arbitrator exceeded his powers.

Minn.Stat. § 65B.525, subd. 1 (2000), states:

Except as otherwise provided in section 72A.327 [1], the supreme court and the several courts of general trial jurisdiction of this state shall by rules of court or other constitutionally allowable device, provide for the mandatory sub-mission to binding arbitration of all cases at issue where the claim at the commencement of arbitration is in an amount of $10,000 or less against any insured's reparation obligor for no-fault benefits or comprehensive or collision damage coverage.

Also, Minn. R. No–Fault Arb. 6 states:

By statute, mandatory arbitration applies to all claims for no-fault benefits or comprehensive or collision damage coverage where the total amount of the claim, at the commencement of arbitration, is in an amount of $10,000 or less. In cases where the amount of the claim continues to accrue after the petition is filed, the arbitrator shall have jurisdiction to determine all amounts claimed including those in excess of $10,000.

When Regenscheid commenced arbitration, she asserted a claim in the amount of $9,999, which was within the jurisdictional limit. However, BCBS later asserted a claim for the amount that it had paid for Regenscheid's knee surgery and treatment, which increased the claim to more than $10,000. Farm Bureau argues that because Regenscheid incurred the expenses for her knee surgery and treatment before she commenced arbitration, the total amount of the claim, at the commencement of arbitration, exceeded the $10,000 jurisdictional limit. But Farm Bureau proceeded with the arbitration after it learned that the total amount of the claim was more than $10,000 without stating in writing an objection to considering a claim in excess of the jurisdictional limit.

Minn. R. No–Fault Arb. 34 states:

Any party who proceeds with the arbitration after knowledge that any provi-

---

**1.** Minn.Stat. § 72A.327 (2000) regulates claims for medical benefits under chapter 65B that are denied "because the treatment or services for which the claim is made is claimed to be experimental, investigative, not medically necessary, or otherwise not generally accepted by licensed health care providers," and it does not affect this case.

sion or requirement of these rules has not been complied with and who fails to state an objection thereto in writing shall be deemed to have waived the right to object.

 In response to Regenscheid's statement that she deemed Farm Bureau's refusal to allow her to withdraw her petition to be a waiver of the jurisdictional limit, Farm Bureau informed the arbitrator that its refusal to allow withdrawal should not be construed as a waiver of the jurisdictional limits. The district court nevertheless concluded that Farm Bureau's refusal to permit Regenscheid to withdraw her petition constituted a waiver of any claim that the arbitrator lacked jurisdiction. We conclude that it is not necessary to determine whether Farm Bureau's refusal to allow withdrawal constituted a waiver because even if the refusal did not constitute a waiver, Farm Bureau never stated in writing an objection to the arbitrator exercising jurisdiction over a claim in excess of the jurisdictional limit. Therefore, under the plain language of Minn. R. No–Fault Arb. 34, Farm Bureau is deemed to have waived the right to object to the arbitrator considering a claim in excess of the jurisdictional limit, and we affirm the judgment confirming the no-fault arbitration award. *See Myers v. Price,* 463 N.W.2d 773, 775 (Minn.App.1990) (appellate court will affirm judgment if it can be sustained on any grounds), *review denied* (Minn. Feb. 4, 1991).

## DECISION

Because Farm Bureau knew that the arbitration claim was for more than $10,000, but it proceeded with the arbitration without objecting in writing to arbitrating a claim for more than the arbitrator's jurisdictional limit, Farm Bureau waived its right to object to consideration of the claim in excess of the jurisdictional limit.

**Affirmed.**